IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Cr. No. 13-00824 ACK |
| Plaintiff, | ) |
| v. | ) |
| KALI LOTOAIKI LAULEA, | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S REQUEST FOR A *FRANKS* HEARING**

For the following reasons, the Court hereby DENIES Defendant Kali Lotoaiki Laulea's Motion to Quash Search Warrants, Suppress Evidence and Statements insofar as Defendant requests a Frank hearing therein.

**BACKGROUND**

Defendant Kali Lotoaiki Laulea ("Defendant") is charged with four drug trafficking crimes. Counts 1-3 relate to three separate sales of controlled narcotics that Defendant made to a cooperating defendant in August of 2013, and Count 4 relates to the seizure of approximately one pound of methamphetamine from Defendant's hotel room on August 19, 2013.

On August 20, 2013, the Government filed a criminal complaint against Defendant, alleging that Defendant knowingly and intentionally possessed with the intent to distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled

substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Doc. No. 1.) On August 29, 2013, Defendant was indicted by a grand jury on four counts: two counts of knowingly and intentionally possessing five grams and more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Counts 1 and 2); one count of knowingly and intentionally distributing fifty grams and more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 3); and one count of knowingly and intentionally possessing with the intent to distribute fifty grams and more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2 (Count 4). (Doc. No. 7.) A jury trial is scheduled for August 5, 2014.

On June 12, 2014, Defendant filed his Motion to Quash Search Warrants, Suppress Evidence and Statements. (Doc. No. 70 ("Motion to Suppress").) In the Motion to Suppress, Defendant requested a <u>Franks</u> hearing. On June 19, 2014, the Government filed its Response in Opposition to the Motion to Suppress, supported by several exhibits. (Doc. No. 72.) The Court heard arguments on the portion of the Motion to Suppress addressing

Defendant's request for a Franks hearing on July 18, 2014. (Doc. No. 120.)

## **DISCUSSION**

On August 19, 2013, FBI agents obtained federal warrants to search Defendant's hotel room and car. (Opp'n, Exs. 2 & 3.) The affidavits in support of the two warrants are identical, and describe in detail the genesis and fruits of the ongoing investigation of Defendant's drug trafficking activities. (Opp'n at 6 n.3; Exs. 2 & 3 at ¶¶ 16-23.).) Magistrate Judge Puglisi granted the warrants, and both were executed on August 19, 2013. During the search of Defendant's car, no contraband was discovered, but officers seized his wallet and various documents bearing his name. During the search of the hotel room, the officers seized approximately one pound of methamphetamine, six cellular phones, and additional evidence they contend is consistent with drug trafficking.

In his Motion to Suppress, Defendant, *inter alia*, requests an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). An evidentiary hearing pursuant to Franks allows a defendant to test the veracity of an affidavit supporting a warrant. Id. Given the assumption of validity underlying a supporting affidavit, a party moving for a Franks hearing must submit "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be

3

accompanied by an offer of proof." Franks, 438 U.S. at 171. Furthermore, the movant must show that any omitted information is material. United States v. Kiser, 716 F.2d 1268, 1271 (9th Cir. 1983). The movant bears the burden of proof and must make a substantial showing to support both elements. See United States v. Garcia-Cruz, 978 F.2d 537, 540 (9th Cir. 1992).

The Ninth Circuit has identified five requirements that a defendant must satisfy before he is entitled to a Franks hearing: "(1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; and (5) the challenged statements must be necessary to find probable cause." United States v. DiCesare, 765 F.2d 890, 894-895 (9th Cir. 1985).

Here, Defendant requests a Franks hearing, but provides no argument or evidence to support the request. Indeed, Defendant does not even go so far as to assert (let alone support those assertions with proof) that any statements in the supporting affidavits here were deliberate falsehoods or otherwise made with reckless disregard for the truth. Defendant's bare request for a Franks hearing, absent more, falls far short of the preponderance of the evidence that Franks requires. See, e.g., United States v.

Chavez-Miranda, 306 F.3d 973, 979 (9th Cir. 2002) (upholding the denial of a Franks hearing where the Defendant asserted that the supporting affidavit contained misleading omissions, but failed to support such assertions with evidence).

The Court therefore DENIES Defendant's request for a Franks hearing.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Quash Search Warrants, Suppress Evidence and Statements insofar as Defendant seeks a Franks hearing therein.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 18, 2014



_____
Alan C. Kay
Senior United States District Judge

USA v. Laulea, Cr. No. 13-00824 ACK, Order Denying Defendant's Request for a Franks Hearing.